```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
                  03-CR-357 (JMR)
```

United States of America    )
                            )
        v.                  )         ORDER
                            )
Arlen Jourdain              )

Arlen Jourdain moves this Court for jail credit pursuant to 18 U.S.C. § 3582(c)(2). Defendant's motion is denied.

I. Background

This case concerns the interrelationship between two separate criminal events and the separate sentences imposed for each. The second criminal event – a federal matter heard before this Court – occurred prior to the date on which the defendant was sentenced for the first crime.

On July 1, 2002, Mr. Jourdain was indicted in Federal Court for his role in an assault resulting in the death of Clayton Cobenais. Approximately one year prior to that event, defendant committed an assault as a juvenile. He was on pretrial supervision for the juvenile offense when Cobenais was killed. Jourdain was taken into custody on July 2, 2002.

Mr. Jourdain was federally indicted on October 21, 2002, for the July, 2002 assault. On November 26, 2002, he received a 22 month sentence on the juvenile charge. After serving his time on the juvenile charge, Jourdain was taken into federal custody while awaiting trial on the federal charges. A jury found him guilty of the federal charge on August 9, 2004, and on February 28, 2005,

this Court sentenced defendant to 48 months in the custody of the Bureau of Prisons ("BOP") with credit for time served. Defendant filed a timely appeal to his conviction and sentence. The Eighth Circuit Court of Appeals affirmed his conviction and sentence.

The defendant now seeks relief, pursuant to 18 U.S.C. § 3582(c)(2), requesting credit on his federal sentence for the time from his federal Indictment on October 21, 2002 until his federal sentencing on February 28, 2005. Defendant has not sought any administrative remedy with the BOP.

Defendant also requests relief for ineffective assistance of counsel. He claims his lawyer, Ms. Andrea George, failed to seek this relief on his behalf, necessitating this pro se motion.

II.   Discussion

    A. Computation of Credit

Federal law credits defendants for certain time spent in detention prior to a service of sentence. 18 U.S.C. §3585(b). A defendant may only receive credit for time that "has not been credited against another sentence." Id. The BOP performs computation of federal sentences, including credit for time served. See 18 U.S.C. § 3621(a); United States v. Wilson, 503 U.S. 329, 335 (1992). If one in federal custody has a question or contests these computations, the prisoner may seek administrative review of the calculation of their sentence and credits. 28 C.F.R. §§ 542.10-542.16. After exhausting the available administrative remedies,

prisoners may seek judicial review. <u>United States v. Bayless</u>, 940 F.2d 300, 304-05 (8th Cir. 1991).

In this case, Mr. Jourdain has failed to seek administrative review of his sentencing calculation. He must exhaust the available administrative remedies before this Court may consider whether the BOP properly calculated his credits.

B. <u>Ineffective Assistance of Counsel</u>

Though styled as a motion for jail credit, defendant also claims his Sixth Amendment rights were violated by ineffective assistance of his counsel during sentencing. Such a claim is generally raised in a petition for relief under 28 U.S.C. § 2255. ("A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.")

Before a court may recharacterize a pro se motion as a petition pursuant to 28 U.S.C. § 2255, the Court must first notify the litigant of its intent, warn the litigant that any subsequent motion pursuant to § 2255 is subject to restrictions, and afford the litigant an opportunity to withdraw or amend the motion to include all § 2255 claims he believes he has. <u>Castro v. U.S.</u>, 540 U.S. 375, 383 (2003). Mr. Jourdain may consider this Order his warning, and may either withdraw his ineffective assistance of counsel claim, or amend the present motion to include all of his

claims under § 2255. The Court will not, however, consider the ineffective assistance claim at this time, in the absence of an administrative appeal of his sentence, as outlined above.

III. Conclusion

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Defendant's motion for jail credit pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 77] is dismissed without prejudice.

2. On or before July 17, 2006, Defendant shall either withdraw his claim to ineffective assistance of counsel, or amend this pleading to include all claims pursuant to 28 U.S.C. § 2255.

Dated: June 9th, 2006

 s/ JAMES M. ROSENBAUM  
JAMES M. ROSENBAUM  
United States Chief District Judge